José Luis Ongay, Esquire
Attorney Id. Number 52474
521 South Second Street
Philadelphia, PA  19147
Tel. 484 681-1117
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YASMIN FOOD MARKET,<br>　　　　Plaintiff,<br><br>　　　v.<br><br>TOM VILSACK, Secretary,<br>U.S. Department of Agriculture,<br>　　　　Defendant. | :<br>:<br>:　Docket Number<br>:<br>:　11-CV-05184<br>:<br>:<br>:<br>: |

### VERIFIED AMENDED COMPLAINT

1.	This is an action in Equity pursuant to F.R.C.P. 65 to enjoin Defendant from disqualifying Plaintiff from participation in in the Supplemental Nutrition Assistance Program (SNAP), and for an Order directing Defendant to reinstate Plaintiff participation immediately into the Women, Infants and Children (WIC) program.

2.	This Court has Jurisdiction and Venue because the case involves a Federal Agency, i.e., the U.S. Department of Agriculture, involves a Federal Program, i.e., SNAP and WIC, and the Plaintiff and the Defendant are both located in Philadelphia, Pennsylvania.

3.	Dario Dejesus Gomez is the owner of Yasmin Food Market located at 2236 West Jefferson Street, Philadelphia, PA  19121-3928.

4.	Yasmin Food Market, Inc., Plaintiff, is a Pennsylvania Corporation.

5. Tom Vilsack, is the Secretary of the U.S. Department of Agriculture and the Defendant is this action. The U.S. Department of Agriculture has an office at U.S. Customs House, 200 Chestnut Street, Philadelphia, PA 19106-2986.

6. As part of the business Plaintiff participated in the SNAP and WIC programs of the U.S. Department of Agriculture and this business represented a significance portion of Plaintiff's business.

7. On September 1, 2010, November 9, 2010, March 11, 2011, the Pennsylvania Department of Health, as part of its administration of the Food Stamps Program, conducted four compliance buys in Yasmin Food Market. These compliance buys found that Plaintiff had violated the program's rules and regulations.

8. Specifically, the infractions were as follow: 1) the store charged more than the authorized shelf price for some items;[1] 2) the cashier secured the customer's signature before completing the "pay exactly" box;[2] 3) the store sold items outside the WIC program;[3] and 4) on some items the store did not properly place the price on a visible location for some items. See a copy of the May 2, 2011 letter from the Pennsylvania Department of Health outlining the violations alleged against Plaintiff, attached hereto as Exhibit "A."

9. The total value of the violations alleged against Plaintiff amounts to only $15.70 - a very small amount.

---

[1] The total net amount of alleged overcharge was $15.70. Please note that Plaintiff also undercharge customers in the amount of $4.10.
[2] This did not cause any monetary lost to anyone.
[3] These items were peanut butter, welch jam, cereal-Cinnamon Chex, and can of diced potatoes.

3

10. Plaintiff was informed of the violations <u>after</u> all compliance buys were made.

11. As such, Plaintiff was not given an opportunity to address the problems after each compliance buy. Instead, Plaintiff was not even able to challenge his disqualification from the program because the number on the violations <u>requires</u> a three-year suspension.[4]

12. If Plaintiff had been given Notice and an opportunity to correct the violations he may have not committed additional violations on the subsequent compliance buys and he would have been able to continue to accept WIC and SNAP benefits.

13. However, as a result of not being notified, the violations accumulated and Plaintiff was disqualified from participation in the WIC program in July 6, 2011 and from the SNAP program in August 1, 2011.

14. Plaintiff paid the amount of the violations on June 22, 2011. <u>See</u> a copy of the check and accompanying correspondence attached hereto as <u>Exhibit</u> "B."

15. Instead, Plaintiff has been removed from participation in two programs: i.e., the Supplemental Nutrition Assistance Program (SNAP), and the Women, Infants and Children (WIC) program for these minor infractions, for a period of <u>three (3) years</u>.

16. Plaintiff attempted to address the issues raised by the May 2, 2011 letter but due to his limited knowledge of the English language and his detrimental reliance on the advice of his accountant, Plaintiff failed to properly address these issues.

---

[4] 7 U.S.C. § 2021(g)(2) states that disqualification under section 2021(g) 'shall not be subject to judicial or administrative review.

3

17. Losing the right to participate in the WIC and SNAP programs, for a period of three years, will cost Plaintiff more than a hundred thousand dollars in revenue, and tens of thousands of dollars in profits.

18. Conversely, granting Plaintiff's requests, i.e., the TRO and the Preliminary Injunction will have no negative impact or effect on Defendant or its programs.

19. It is also clear that a more adequate result would be for the imposition of a fine, and not for the disqualification of an otherwise responsible merchant for a minor violation.

## COUNT I – DUE PROCESS VIOLATION

20. The allegations contained in paragraphs 1 through 19 are repeated and incorporated herein.

21. Defendant's actions deprived Plaintiff of a Property Interest, i.e., his ability to accept WIC and SNAP benefits, without due process of law.

## COUNT II – DUE PROCESS VIOLATION

22. The allegations contained in paragraphs 1 through 21 are repeated and incorporated herein.

23. The compliance buys, as performed and enforce, violated Plaintiff's rights to notice (due process) when he was not informed of his violations and not given and opportunity to correct said violations until Defendant had performed four compliance buys during a period of seven months.

## COUNT III – CRUEL AND UNUSUAL PUNISHMENT VIOLATION

24. The allegations contained in paragraphs 1 through 23 are repeated and incorporated herein.

25. The penalties are disproportionate to the violations and as such constitute cruel and unusual punishment.

WHEREFORE, Plaintiff respectfully requests that a Preliminary Injunction be issued, and that Defendant be ordered on a day fixed by the Court, to show cause why an Injunction should not be granted.

Respectfully,

José Luis Ongay

Date: October 31, 2011

## VERIFICATION

I, José Luis Ongay, being duly sworn, state:

My Name is José Luis Ongay, I am an attorney licensed by the Commonwealth of Pennsylvania. I am fully aware and cognizant of the matters set forth in the foregoing Verified Complaint, Affidavit, and Exhibits seeking to obtain a Temporary Restraining Order, a Preliminary Injunction, and ultimately a Permanent Injunction, and I also swear that the statements contained therein, are true to the best of my personal knowledge and belief.

José Luis Ongay

Date: October 31, 2011