José Luis Ongay, Esquire
Attorney Id. Number 52474
521 South Second Street
Philadelphia, PA  19147
Tel. 484 681-1117
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YASMIN FOOD MARKET, : | |
| Plaintiff, : | |
| : | Docket Number |
| v. : | |
| : | 11-CV-05184 |
| TOM VILSACK, Secretary, : | |
| U.S. Department of Agriculture, : | |
| Defendant. : | |

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Now Comes Plaintiff, and in response to Defendant's Motion to Dismiss, states the following:

Plaintiff submits that this Court has jurisdiction over this case because it involves a Constitutional claim, i.e., violation of due process. Specifically, Plaintiff alleges that his interest in the SNAP and WIC programs amounts to a property similar to Government employment.[1] As such, the Constitution

---

[1] See Roth v. Board of Regents, 408 U.S. 564, 571 (1972)(To have a property interest a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must have a legitimate claim of entitlement to it. It is a purpose of the ancient

1

required that prior to the termination of his participation in these programs he was entitled to due process of law, i.e., notice and an opportunity to be heard.

The Government's motion has argued that the Court has no jurisdiction because the statute in question deprives the Court of jurisdiction. However, because it comes to Constitutional claims, the Court must address the issue. If not, it would give Congress the ability to shield the review of potentially unconstitutional laws. This contradicts the basic premise that the court is the final arbiter of a law's constitutionality. [2]

---

institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. <u>Id</u>. at 577. See also, <u>Cleveland Board of Education v. Loudermill</u>, 470 U.S. 532 (1985)(there is no question that a federal employee has an employee has a property interest since she can not be terminated but for cause. Id. at ___. Here, similarly, Plaintiff's participation in the WIC and SNAP programs could only be terminated for cause.

[2] Judicial review its implicit in the very first line of Article III, Section I of the Constitution, i.e., "The Judicial Power of the United States, shall be vested in one Supreme Court. . ." U.S. Const. Art. III Sec. 1. Judicial power embodies the power and authority to review laws and to determine the Constitutionality of the law. On this point, it has been said:

> it must be conceded that the "logic" of our constitution calls for judicial review. Hamilton, in arguing "that the Constitution ought to be the standard of construction for the laws, and that where ever there is an evident opposition, the laws ought to give place to the Constitution, . . .it falls to the Courts to determine whether there is an "evident" conflict between the law and the Constitution? Again, the answer seems clear

The Government also argues that Plaintiff's argument is without merit because the law provided an opportunity to seek review, which Plaintiff did not utilize. This is partially correct, Plaintiff did not avail himself of the review available to him and he was advised of said options. However, said options were useless for Plaintiff because they did not provide any redress. Specifically, an appeal would have been worthless since, at the end, the regulations required for Plaintiff to be disqualified for three years whether he appealed or not. See 28 Pa. Code § 1107.1a(c). However, if Plaintiff had

---

      enough: unless we are prepared to argue that the Congress should be the Judge of the extent of its constitutional powers . . . the task must fall to the judiciary. . . to borrow from Hamilton, we should hardly expect "that the men who had infringed the Constitution in the character of legislators would be disposed to repair the breach in the character of judges.

George W. Carey, In Defense of the Constitution, 1989, p. 121. In Federalist 78, Alexander Hamilton wrote: ". . . the Constitution represents fundamental law and all laws that conflict with the fundamental law are null and void . . .[therefore] it will duty of the judicial tribunals to adhere to the latter and disregard the former." Alexander Hamilton, James Madison, John Jay, The Federalist,1961. This concept was not new. In 1610, in Bonham, 77 Eng. Rep. 646 (1610), Judge Edward Coke ruled that "when an act of Parliament is against common right and reason, or repugnant or impossible to be performed, the Common Law will control it and adjudge such act to be void." Jim Powell, The Triumph of Liberty, 2000, p.401. As such, when Justice Marshall held in Marbury v. Madison, 5 U.S. 137, 1 Cranch 137 (1803), that "it is emphatically the province and duty of the judicial department to say what the law is" Justice Marshall was only applying the timely leading doctrine about judicial review; a doctrine that was, and remains, essential to the separation of powers. Thus, the Court, since its inception, had the authority to rule on the constitutionality of laws.

been informed after the first violation, he would have been able to correct his mistakes and avoid the three-year suspension. In fact, he would have received only a one year suspension, since the violations on the first visit did not satisfy the requirements for a three year suspension as contained in 28 Pa. Code § 1107.1a (c). For a review of the violations for the first undercover purchases, see <u>Exhibit</u> "A" of the Amended Complaint, page one and two under the heading "First Compliance Buy."

That is where the constitutional violation takes place. The regulations do not require the administrative agency to inform plaintiff after the first violation. The problem is how the law is implemented. The administrative agency simply keeps conducting undercover purchases and accumulating violations, which will, at the end of the process, require a three-year suspension. Plaintiff, by virtue of having a property interest in the WIC and SNAP programs, should have been given a meaningful notice and opportunity to be heard and correct his mistakes, particularly, when as admitted by the Defendant, the violations involved a small amount of money. To simply be told about the violation after there has been a series of violations which have accumulated, and there is nothing that can be done to repair the situation, is the equivalent of not providing any notice. After all, at this point it is to late to correct the problem.

Respectfully,

*/s/Jose Luis Ongay*
_____
 Jose Luis Ongay

Date: November 30, 2011

## CERTIFICATE OF SERVICE

I certify that on this date a copy of the Plaintiff's Response to Defendant's Motion to Dismiss was served upon AUSA Joan K. Garner via the ECF filing system.

*/s/Jose Luis Ongay*
_____
 José Luis Ongay

Date: November 30, 11